IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**RANDALL LAMONT ROLLE,**

    **Plaintiff,**

vs.                                       Case No. 4:08cv456-SPM/WCS

**MICHAEL DILMORE, et al.,**

    **Defendants.**

    _____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, has filed a civil rights complaint, doc. 1, under 42 U.S.C. § 1983. The complaint is against two police officers from the Tallahassee Police Department. *Id.* Plaintiff is incarcerated in the Florida Department of Corrections and the address on his complaint shows he is currently located at the Reception and Medical Center in Lake Butler, Florida. *Id.* Plaintiff complains about events that occurred in 2002.

Submitted with Plaintiff's complaint is a lengthy memorandum. Doc. 2. What was *not* submitted with Plaintiff's complaint was the filing fee for this case.

The Prison Litigation Reform Act of 1995 (PLRA), provides that a prisoner may not bring a civil action *in forma pauperis* under 28 U.S.C. § 1915:

> if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff has had three or more prior prisoner actions dismissed in this District on the grounds that they were frivolous, malicious, or failed to state a claim.  The dismissed cases include cases numbered 4:06cv373-MP/WCS, 4:06cv406-MP/WCS, and 4:06cv373-MP/WCS.  Case 4:06cv373 was dismissed on December 22, 2006, for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).  Case 4:06cv406 was also dismissed on December 22, 2006, for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).  Case 4:06cv373 was, likewise, dismissed on December 22, 2006, for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Plaintiff's cases are generally barred by Heck v. Humphrey, 512 U.S. 477 (1994).

The instant complaint does not allege that Plaintiff is in imminent danger from the Defendants.  Indeed, that would not be possible since Defendants are not in the same city as Plaintiff.

Because Plaintiff has had at least three prior dismissals and is not under imminent danger of serious physical injury, Plaintiff may not submit a complaint in this Court without full payment of the filing fee at the time of case initiation.  This case should be dismissed, dismissal being without prejudice to Plaintiff presenting his claims in a complaint for which he pays the full $350.00 filing fee at the time of filing the complaint.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's case be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(g), because Plaintiff did not pay the filing fee at the time of case initiation and Plaintiff is not entitled to proceed *in forma pauperis* in this Court.

**IN CHAMBERS** at Tallahassee, Florida, on October 24, 2008.


 s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**