IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**RANDALL LAMONT ROLLE,**

    **Plaintiff,**

vs.                                                   Case No. 4:08cv456-SPM/WCS

**MICHAEL DILMORE, et al.,**

    **Defendants.**

    _____/

## REPORT AND RECOMMENDATION

    Plaintiff, proceeding *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983. Doc. 1. Because he did not pay the filing fee at the time of case initiation, and was not entitled to *in forma pauperis* status pursuant to 28 U.S.C. § 1915(g), a report and recommendation was entered recommending dismissal. Doc. 4. Seven months later, and *after* the report and recommendation was adopted, doc. 12, Plaintiff paid the $350.00 filing fee for this case, doc. 15, and filed a motion to set aside the judgment. Doc. 14. Plaintiff's motion was granted, and the case has been remanded for further proceedings. Doc. 19.

    Plaintiff has filed a motion for an injunction, doc. 16, and a motion for declaratory judgement, doc. 17. Plaintiff also filed a notice first amended complaint. Doc. 18.

The amended complaint, doc. 18, which has now replaced the original complaint, doc. 1, is against two police officers from the Tallahassee Police Department, Lofland and Dilmore, an Assistant State Attorney, and a state court judge. Doc. 18. Plaintiff is incarcerated in the Florida Department of Corrections and is currently housed at the Reception and Medical Center in Lake Butler, Florida. *Id.*

Plaintiff complains about events that occurred in 2002. On January 4th, Officer Dilmore stopped Plaintiff for running a red light. Doc. 18, p. 11. Smelling the odor of alcohol, Plaintiff was required to take a field sobriety test, which he passed. *Id.*, at 12. However, Plaintiff was still arrested and Plaintiff contends it violated his Fourth Amendment rights because Officer Dilmore lacked probable cause. As Plaintiff was being escorted to the police car, he consented to release his own vehicle to the two female passengers and allow them to drive his car home. *Id.* Plaintiff alleges his vehicle was not searched prior to it being released. *Id.* Plaintiff also contends that Officer Dilmore told Plaintiff that the smell of alcohol was "so strong" that Plaintiff was going to jail. *Id.* Plaintiff alleges he was pleading to be released, and argued his arrest was unreasonable since he had passed the test, but Officer "Dilmore did not want to talk and called Officer Randolph to help assist with placing Plaintiff in [the police] vehicle." *Id.*, at 12.

With Plaintiff in the police car, Officer Dilmore decided to impound Plaintiff's car and stopped Plaintiff's vehicle. *Id.*, at 13. "The subsequent inventory search led to the discovery of cocaine." *Id.* Plaintiff argues the cocaine belonged to the female who was driving his car and did not belong to Plaintiff. *Id.* He also argues the search violated his Fourth Amendment rights and the evidence seized should have been suppressed. *Id.*

Plaintiff was then taken to Jail by Officer Lofland.  *Id.*, at 13.  On the way, Plaintiff learned he had "mistakenly provided Officer Dilmore with his brother's ID."  *Id.*  Plaintiff complains that Officer Lofland did not allow him to make a phone call and maliciously placed him in a holding cell without a change to talk to an attorney.  *Id.*

Plaintiff also alleges that he "did not fail the breathalyzer test and invalid readings were recorded."  *Id.*, at 13.  Plaintiff contends it was clear to him that the breathalyzer "machine was malfunctioning" and so he refused to give another breath sample without his attorney being present.  *Id.*, at 13-14.  Office Lofland refused to allow Plaintiff to consult with an attorney and told Plaintiff "he would sit there until the Plaintiff decided to blow more breath samples."  *Id.*, at 14.  Officer Lofland then allegedly decided to charge Plaintiff with possession of cocaine with intent to sell, giving false name to law enforcement officer, unlawful display of driver's license, and DUI.  *Id.*

On August 19, 2002, Plaintiff contends he believed he was entering "a plea to possession of cocaine, with adjudication of guilt being withheld, and DUI."  *Id.*, at 14.  However, Plaintiff contends he "was actually adjudicated guilty for possession of cocaine with intent to sell, giving false name to law enforcement officer, unlawful display of driver's license, and DUI."  *Id.*, at 15.  Plaintiff alleges his plea was involuntary.  *Id.*

During the plea hearing, Plaintiff contends the Assistant State Attorney, John Maceluch, submitted hearsay evidence as the factual basis, which Plaintiff asserts violated his Fourteenth Amendment rights.  *Id.*, at 15.  Plaintiff also challenges the fact that during the August 19th hearing, Judge James Hankinson "used hearsay evidence as facts to adjudicate Plaintiff guilty . . . ."  *Id.*

Plaintiff asserts that Defendants Dilmore, Lofland, Maceluch, and Hankinson are "liable for their negligence."  *Id.*, at 15.  According to Plaintiff, Defendant Dilmroe should have known "Plaintiff did not need to be arrest[ed]" and his vehicle should not have been impounded or searched.  *Id.*  Defendant Lofland should have known Plaintiff was entitled to consult with an attorney and he should not have been forced to sit in the room until he gave breath samples.  *Id.*  Defendant Maceluch should have known that "telling the court what an officer alleged is defined as hearsay evidence," which is inadmissible.  *Id.*  Defendant Hankinson should have known that a factual basis for the plea did not exist and that he did not have jurisdiction to adjudicate Plaintiff guilty.  *Id.*, at 15-16.  Plaintiff seeks compensatory damages and indictments against each Defendant named.  *Id.*, at 17.  Plaintiff also seeks to bring supplemental state law claims against the Defendants.  *Id.*, at 18.

Plaintiff's amended complaint fails on many levels.  Plaintiff's claims concern events from 2002.  This case was initiated in October, 2008, well after the four year statute of limitations.  A federal § 1983 claim is governed by the forum state's residual personal injury statute of limitations.  Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir. 1999), *citing* Owens v. Okure, 488 U.S. 235, 249-50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); Wilson v. Garcia, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985).  In Florida, "a plaintiff must commence a § 1983 claim . . . within four years of the allegedly unconstitutional or otherwise illegal act."  Burton, 178 F.3d at 1188, *citing* Baker v. Gulf & Western Indus., Inc., 850 F.2d 1480, 1483 (11th Cir.1988).  Plaintiff's claims are barred by the statute of limitations and must be dismissed.

Prisoners may not seek to reduce their period of confinement through a civil rights action. Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841, 36 L. Ed. 2d 439 (1973); Heck, 512 U.S. 477, 114 S. Ct. at 2372. Attacking the basis for a conviction is a collateral challenge to Plaintiff's conviction and is a *habeas corpus* claim that may only be litigated through the filing of a habeas petition under 28 U.S.C. § 2254.

Furthermore, while Plaintiff is claiming the violations of his Fourth and Fourteenth Amendment rights, these claims are barred under Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994). A claim for compensatory damages that is related to a sentence or conviction that has not yet been reversed or invalidated is not cognizable under 42 U.S.C. § 1983. Heck, 114 S. Ct. at 2372. Plaintiff fails to state a claim upon which relief may be granted.

Plaintiff has also alleged negligence, which is insufficient. The Supreme Court has unequivocally held that a state official's negligent conduct, even though it causes injury, does not constitute an actionable deprivation under § 1983. County of Sacramento v. Lewis, 523 U.S. 833, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998); Daniels v. Williams, 474 U.S. 327, 331, 106 S. Ct. 662, 665, 88 L. Ed. 2d 662 (1986).

Plaintiff's claim against the presiding judge fails as well. If a judge is acting in his judicial capacity, he is entitled to absolute immunity from liability for damages under Section 1983 unless he acts in the "clear absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 355-357, 98 S.Ct. 1099, 1104-05, 55 L. Ed.2d 331 (1978). Judge Hankinson was the presiding judge and accepted Plaintiff's guilty plea. Under the Stump v. Sparkman test, money damages are precluded as Judge Hanksinon acted in his judicial capacity and had jurisdiction over the state criminal proceeding.

This is also not Plaintiff's first case against Defendants Dilmore or Hofland. Plaintiff filed case number 4:06cv373 against the Tallahassee Police Department, Michael Dilmore, and Holly Hofland on August 10, 2006.  It was dismissed for failure to state a claim and under Heck v. Humphrey, *supra*, in December, 2006.  That case was also a challenge to the August 19, 2002, plea hearing.  *See* doc. 24, case number 4:06cv373-MP/WCS.

Plaintiff's repeated challenge to these events is malicious.  Plaintiff's waste of time to review lengthy pleadings that are clearly barred cannot continue.  Plaintiff should heed this warning before filing any other litigation.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. 18, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and because it is malicious under § 1915(e)(2)(B)(i), that Plaintiff's pending motions for an injunction, doc. 16, and motion for a declaratory judgement, doc. 17, be **DENIED**, and the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**IN CHAMBERS** at Tallahassee, Florida, on June 8, 2009.

  s/     William C. Sherrill, Jr.  
**WILLIAM C. SHERRILL, JR.**  
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**